**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **HENRY ROSS HODGES, #1426926,** | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:09-CV-1939-G |
| | ) | |
| **RICK THALER, Director,** | ) | |
| **Texas Department of Criminal Justice,** | ) | |
| **Correctional Institutions Division,** | ) | |
| Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Petitioner, a state prisoner, filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a conviction from Palo Pinto County, Texas. He has submitted a motion to proceed *in forma pauperis*. He is incarcerated at the East Texas Treatment Facility in Henderson, Texas.

28 U.S.C. § 2241(d), which governs federal habeas corpus jurisdiction, provides in pertinent part as follows:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the

application to the other district court for hearing and determination.

28 U.S.C. § 2241(d); *accord Story v. Collins*, 920 F.2d 1247, 1250-51 (5th Cir. 1991); *see also Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).

Petitioner was convicted and sentenced in Palo Pinto County, which is located within the Fort Worth Division of the Northern District of Texas. *See* 28 U.S.C. § 124(a)(2).

For the convenience of the parties and witnesses and in the interest of justice, a district court may transfer a civil action to any district or division where it might have been brought. *See* 28 U.S.C. § 1404. Courts in Texas have traditionally held that the most appropriate venue for challenges to the legality of a conviction is in the district court for the district within which the petitioner was convicted and sentenced.

Because the conviction that Petitioner attacks in this case arose in the Fort Worth Division of the Northern District of Texas, the court finds that this case should be transferred to that court for further proceedings.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the District Court TRANSFER this habeas corpus action to the Fort Worth Division of the Northern District of Texas for further proceedings.

Signed this 21st day of October, 2009.

*/s/ Wm. F. Sanderson, Jr.*
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

## NOTICE

  A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).