**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **HENRY ROSS HODGES,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | |
| | § | **Civil Action No. 4:09-CV-682-Y** |
| **RICK THALER,  Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| **Respondent** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas.  The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

## I.  FINDINGS AND CONCLUSIONS

### A.  NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

### B.  PARTIES

Petitioner Henry Ross Hodges, TDCJ-ID #1426926, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Bryan, Texas.

Respondent Rick Thaler is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

### C.  FACTUAL AND PROCEDURAL HISTORY

On February 6, 2007, a jury found Hodges guilty of felony driving while intoxicated (DWI)

in the 29th Judicial District Court of Palo Pinto County, Texas, and assessed his punishment at eight years' imprisonment.  (Supp. Clerk's R. at 1)  Hodges appealed his conviction and sentence and sought state postconviction habeas relief, to no avail.  *Hodges v. State*, No. 11-07-CV-00056-CR, slip op. (Tex. App.–Eastland Aug. 14, 2008) (not designated for publication); *Ex parte Hodges*, State Habeas Appl. No. WR-52,889-03, at cover.  This federal petition was timely filed.

The state court of appeals summarized the evidence as follows:

> Department of Public Safety Trooper James Lattimore testified that he was called to assist Deputy Sheriff Gary Morris with a traffic stop.  When he arrived at the scene, Trooper Lattimore activated his video recording equipment and performed field sobriety tests on Hodges.  Trooper Lattimore testified that the standard tests included an HGN test, a walk-and-turn test, and the one-leg stand.  He also testified that Hodges failed the sobriety tests.  Trial counsel attempted to undermine this testimony by showing inconsistencies between Trooper Lattimore's arrest report and video and, in the process, introduced the report into evidence.  The report reflects that he performed an HGN test; however, there was no HGN test shown on the video.  Trooper Lattimore responded that Deputy Morris had already administered an HGN test before he arrived and that he simply recorded Deputy Morris's results on his report.

> The arrest report includes the notation "BAC @ .308(PBT)."  The trial court held that, because the report had been admitted into evidence, Trooper Lattimore could now testify about Hodges's breath test.  Trooper Lattimore described the test and testified that Hodges's test results indicated a blood alcohol content of .308.  The only other reference to the portable breath test was during closing argument when the State pointed out the consistency between the portable breath test results and Hodges's blood sample analysis.

### D.  ISSUES

Hodges raises the following claims for relief:  (1) he was denied effective assistance of counsel; (2) the enhancement information was erroneous; and (3) the trial court erred by allowing inadmissible expert witness testimony.  (Petition at 7)

2

### E.  RULE 5 STATEMENT

Thaler believes that Hodges has sufficiently exhausted his state court remedies as to the claims presented as required by 28 U.S.C. § 2254(b)(1).  (Resp's Answer at 5)

### F.  DISCUSSION

#### *Legal Standard for Granting Habeas Corpus Relief*

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication:  (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court.  28 U.S.C. § 2254(d).  A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).

The Act further requires that federal courts give great deference to a state court's factual findings.  *Hill*, 210 F.3d at 485.  Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct.  28 U.S.C. § 2254(e)(1).  Thus, factual determinations by a state court are presumed correct absent clear and convincing evidence to the contrary, and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of

3

the evidence presented in the state court proceeding.  *See* 28 U.S.C. § 2254(d)(2), (e); *Miller-El v.*

*Cockrell*, 537 U.S. 322, 340 (2003); *Williams*, 529 U.S. at 399.  The applicant has the burden of

rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

Typically, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus

application without written opinion, it is an adjudication on the merits, which is entitled to this

presumption.  *See Singleton v. Johnson*, 178 F.3d 381, 384 (5ᵗʰ Cir. 1999); *Ex parte Torres*, 943

S.W.2d 469, 472 (Tex. Crim. App. 1997).

### *(1)  Ineffective Assistance of Counsel*

Hodges claims his trial counsel was ineffective by admitting into evidence the arrest warrant

indicating his portable blood test result of .308, which undermined his defense, corroborated the

state's evidence against him, and demonstrates that counsel did not have a firm command of the

facts of his case and relevant case law.  (Pet'r Memorandum in Support at 4)  Hodges also includes

a laundry list of omissions in counsel's pretrial preparation.  (*Id.* at 5)

A criminal defendant has a constitutional right to the effective assistance of counsel at trial.

U.S. CONST. amend. VI, XIV; *Strickland v. Washington*, 466 U.S. 668, 688 (1984).  To establish

ineffective assistance of counsel a petitioner must show (1) that counsel's performance fell below

an objective standard of reasonableness, and (2) that but for counsel's deficient performance the

result of the proceeding would have been different.  *Strickland*, 466 U.S. at 688.  Both prongs of the

*Strickland* test must be met to demonstrate ineffective assistance.  *Id.* at 687, 697.  In applying this

standard, a court must indulge a strong presumption that counsel's conduct fell within the wide

range of reasonable professional assistance or sound trial strategy.  *Id*. at 668, 688-89.   Judicial

scrutiny of counsel's performance must be highly deferential and every effort must be made to

eliminate the distorting effects of hindsight.  *Id.* at 689.

The state court of appeals addressed the issue as follows:

> Hodges argues that the admission of the arrest report made his conviction a formality because there was no evidence to rebut the test results.  Even if we assume that the better practice would have been served by attempting to redact the reference to the portable breath test before offering the report into evidence, Hodges's argument fails to consider the overwhelming evidence of his intoxication. The jury heard Deputy Morris testify that he observed Hodges's vehicle veer into the oncoming lane of traffic, that he smelled alcohol coming out of Hodges's vehicle before he actually saw Hodges, that Hodges failed a field sobriety test, and that Hodges slurred his speech and had trouble standing.  The jury also heard Trooper Lattimore testify that Hodges failed his field sobriety tests and had difficulty standing and that he was taken to the hospital to obtain a blood specimen.  Raymond Arthur Waller, Jr., the manager of the Abilene DPS Crime Lab, testified that Hodges's blood sample contained .30 grams of alcohol per 100 milliliters (almost four times the legal limit) and that some people die of alcohol poisoning at this level. Finally, the jury saw the video of Hodges's stop.  Against this evidence, we cannot conclude that a reasonable probability exists that, if the jury had not heard about Hodges's portable breath test results, it would have acquitted him.

The same habeas judge, who also presided over Hodges's trial, conducted the state habeas proceedings and entered findings of fact and legal conclusions without a hearing.  The state court found the issue had been the subject of Hodges's direct appeal and adopted the findings of the appellate court as it pertained to the issue.  In turn, the Texas Court of Criminal Appeals denied the state application without written order on the findings of the trial court.  (State Habeas R. at cover) This constitutes an adjudication on the merits by the Texas Court of Criminal Appeals and is entitled to the presumption of correctness.  Thus, we defer to the state courts' determination unless it appears the decision was contrary to or involved an unreasonable application of *Strickland* or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence in the state court proceedings.  *Bell v. Cone*, 535 U.S. 685, 698-99 (2002); *Haynes v. Cain*, 298 F.3d 375, 379-82  (5ᵗʰ Cir. 2002).

5

The state courts' conclusion that Hodges's ineffective claims fail to satisfy the prejudice prong of *Strickland* was a reasonable application of clearly established federal law. Even without admission of the arrest warrant or a showing of deficient performance, the evidence of Hodges's guilt was overwhelming. *See Green v. Johnson*, 160 F.3d 1029, 1040 (5th Cir. 1998).

### *(2)  Enhancement Allegation*

Hodges claims the enhancement paragraph alleging the 1991 burglary conviction, to which he pled "true," was erroneous and the state's "pen packet" admitted into evidence did not match the information in the indictment. (Pet'r Memorandum in support at 7-8). The indictment alleged two prior felony DWI convictions in 1995 and 1991 and an enhancement conviction for burglary of a habitation in 1991. (Clerk's R. at 1) The state habeas court found that Hodges pled "true" to the enhancement allegation, was admonished, and persisted in such plea and that the state introduced a "pen packet" substantiating Hodges's plea of "true."

The record supports the state court's determination of the issue. Further, as noted by Thaler, Hodges's assertion is factually incorrect. The indictment alleges a prior conviction on November 25, 1991, for burglary of a habitation in cause number 8124 in the 266th Judicial District Court of Erath County, and the proof showed a conviction on November 25, 1991, for burglary of a habitation in cause number 8124 in the 266th Judicial District Court of Erath County.

### *(3)  Trial Court Error*

Hodges claims the trial court erred by allowing expert witness testimony in reference to his blood alcohol content under Rule 702 of the Texas Rules of Evidence.[1] (Pet'r Memorandum in

---

[1]Rule 702 of the Texas Rules of Evidence provides:

(continued...)

6

Support at 9-10)  Specifically, he complains of the reliability of the methodology employed by the lab analyst.  The state habeas court found the expert was duly qualified and testified to the results of the scientific analysis indicating an alcohol concentration of .30, nearly four times the statutory limit.

In order to justify federal habeas relief, petitioner must show that this evidentiary ruling was so improper and extreme as to render his trial fundamentally unfair.  *See Jackson v. Johnson,* 194 F.3d 641, 656 (5th Cir. 1999).  The record reflects Raymond Arthur Waller Jr., the lab analyst, testified regarding the equipment, testing methods, and analyses he performed.  (5RR at 80-125)  Hodges presents no basis to question the reliability of the tests performed by Waller.  Thus, he cannot show admission of the testimony was improper.

## II.  RECOMMENDATION

Based on the foregoing, it is recommended that Hodges's petition for writ of habeas corpus be denied.

### III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The court is extending the deadline within which to file specific written

---

[1](...continued)
        If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise.

objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until May 20, 2010.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until May 20, 2010, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED April 29, 2010.


     /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE


8